**Amir M. AL–AYOUBI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3002.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2003.

———

Amir M. Al–Ayoubi, Detroit, MI, pro se.

Jennifer A. Parker, Earle B. Wilson, Office of Immigration Litigation, Washington, DC, for Respondent.

Before MOORE and ROGERS, Circuit Judges; and FORESTER, District Judge.*

### ORDER

Amir M. Al–Ayoubi, a native and citizen of Syria, petitions pro se for review of a Board of Immigration Appeals (BIA) order that affirmed the decision of the Immigration Judge (IJ) to deny Al–Ayoubi's application for asylum, withholding of removal, and voluntary departure. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Al–Ayoubi entered the United States in December 1998 as a visitor and applied for asylum in December 1999. The Immigration and Naturalization Service began removal proceedings in January 2000, and Al–Ayoubi conceded deportability. He applied for asylum, withholding of removal, protection under the Convention Against Torture, or in the alternative, voluntary departure. The IJ held a hearing in January 2003. Al–Ayoubi testified that he had worked as a bodyguard to the vice president of Syria, but left for the United States because he believed that government officials suspected him of treason and would torture or kill him. The IJ found that Al–Ayoubi was not credible and that he had not shown either past persecution or a well-founded fear of persecution if he returned to Syria. The IJ also denied Al–Ayoubi's request for voluntary departure. Al–Ayoubi appealed to the BIA, and the BIA affirmed the IJ's decision without opinion. Al–Ayoubi filed a timely petition for review.

▉ In his petition for review, Al–Ayoubi appears to argue that: (1) the IJ disregarded evidence that Al–Ayoubi was suspected of treason by Syrian officials; and (2) he had difficulty understanding the immigration proceedings.

Under the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Attorney General's decision to grant or deny asylum "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). This court reviews a decision denying asylum to determine whether it is supported by substantial evidence. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir.1998). A petition for review may be granted only if the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 484, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Upon review, we conclude that the petition for review must be denied because the IJ's decision was supported by substantial evidence. *See Mikhailevitch*, 146 F.3d at 388. The IJ noted several areas of inconsistency in Al–Ayoubi's testimony. Although he stated that he was under investigation by security forces, he was able to travel freely, he obtained passports for his family, and neither he nor his family was ever detained. Al–Ayoubi sold his house before leaving Syria but claimed his wife did not know they were leaving permanently. The IJ also questioned Al–Ayoubi's explanation of how he obtained a copy of a warrant for his arrest, and wondered why Al–Ayoubi was unable to reproduce the coded language he allegedly used to communicate with friends in Syria. These issues go to the heart of Al–Ayoubi's claim that he left Syria to avoid political persecution, and the IJ's skepticism is supported

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

by substantial evidence. *See de Leon–Barrios v. INS,* 116 F.3d 391, 394 (9th Cir.1997).

 The same evidence also supports the conclusion that Al–Ayoubi did not establish past persecution or a well-founded fear of persecution if he returned to Syria. *See Ouda v. INS,* 324 F.3d 445, 451 (6th Cir.2003); 8 C.F.R. § 208.13(b). Al–Ayoubi was unable to point to any overt act by the Syrian government that suggested he was a target for political repression. To the contrary, Al–Ayoubi held a high position in the government, belonged to the ruling political party, and his family traveled freely and were never questioned, detained, or tortured. Thus, Al–Ayoubi's fear of persecution was not well-founded. Because Al–Ayoubi did not demonstrate his entitlement to a grant of asylum, he cannot meet the more stringent requirements for withholding of deportation. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 425, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (Immigration and Nationality Act); *Zubeda v. Ashcroft,* 333 F.3d 463, 469–70 (3d Cir.2003) (Convention Against Torture).

Al–Ayoubi's argument that he had difficulty understanding the immigration proceedings is without merit. He had a representative with him at the hearing and the questions and responses were translated to and from English and Arabic. There is nothing in the record to suggest that Al–Ayoubi did not understand the proceedings.

For the foregoing reasons, Al–Ayoubi's petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.